# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GRACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV70 SNLJ |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will require plaintiff to submit an amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff has AIDS, and he is suffering from either AIDS-related complex or AIDS wasting syndrome. As a result, he has lost a lot of weight.

Plaintiff alleges that defendants, who primarily work for Corizon, Inc., have not given him his medications regularly, which contributes to his weight loss. And he says that defendants refuse to provide him with adequate nutrition.

## Discussion

Plaintiff sues defendants in their official capacities. To state a claim against a Corizon employee in his or her official capacity, a plaintiff must allege that a policy or custom of the employer is responsible for the alleged constitutional violation. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975–76 (8th Cir.1993) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). And suits against state officials are barred by Eleventh Amendment immunity. The amended complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violation of plaintiff's constitutional rights. As a result, the amended complaint fails to state claims against defendants.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege how each**

**and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**. Also, the complaint should not be overly wordy or repetitive. It need only contain a short and plain statement of the facts that plaintiff believes entitle him to relief. Fed. R. Civ. P. 8. That is, the complaint should be limited to the "who, what, when, and where" of the facts; it does not need to cite the law. And finally, plaintiff must state his claims in numbered paragraphs. Fed. R. Civ. P. 10.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must submit an amended complaint within twenty-one (21) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 18th day of April, 2016.

                                          STEPHEN N. LIMBAUGH, JR.
                                          UNITED STATES DISTRICT JUDGE