UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GRACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV70 SNLJ |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint. After review, the Court finds that it should be partially dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**The Complaint**

Plaintiff has AIDS, and he is suffering from either AIDS-related complex or AIDS wasting syndrome. He has lost a significant amount of weight. Plaintiff alleges that defendants, who primarily work for Corizon, Inc., have not given him his medications regularly, which contributes to his weight loss. And he says that defendants refuse to provide him with adequate nutrition in the form of Ensure or double trays. Plaintiff sues defendants in their individual and official capacities.

**Discussion**

The Court finds that defendants John Mattews, Nina Hill, Becky Lizenbee, and Thomas Cabrera should not be dismissed at this time. As a result, the Court will order the Clerk to issue process on these defendants.

To state a claim against a Corizon employee in his or her official capacity, a plaintiff must allege that a policy or custom of Corizon is responsible for the alleged constitutional violation. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975–76 (8th Cir.1993) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). And suits against state officials are barred by Eleventh Amendment immunity. The amended complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violation of plaintiff's constitutional rights. As a result, the amended complaint fails to state claims against defendants in their official capacities.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Plaintiff has not alleged that defendants Ian Wallace, Glen Babich, Kimberly Randolph, Brandi Juden, James Hurley, Deniese Morris, or Tammie Henderson were directly responsible for the deprivation of his rights. He sues them in their capacity as supervisors. Therefore, the complaint fails to state a claim against these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to issue process on defendants John Mattews, Nina Hill, Becky Lizenbee, and Thomas Cabrera in accordance with the Court's agreement with Corizon, Inc.

**IT IS FURTHER ORDERED** that defendants Ian Wallace, Glen Babich, Kimberly Randolph, Brandi Juden, James Hurley, Deniese Morris, and Tammie Henderson are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay the initial partial filing fee [ECF No. 8] is **GRANTED**. Plaintiff must pay the fee no later than June 20, 2016.

An Order of Partial Dismissal will be filed separately.

Dated this 27th day of May, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE